Jeremy **CARTER, a minor By and Through his parents and next friends Douglas and Tina CARTER, and Douglas and Tina Carter, individually, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 85–3162.

United States Court of Appeals, Eleventh Circuit.

Jan. 21, 1986.

Daniel L. Molloy, Tampa, Fla., for plaintiffs-appellants.

Gary J. Takacs, Lynne England, Asst. U.S. Attys., Tampa, Fla., for defendant-appellee.

Before HILL and HENDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

The plaintiffs-appellants, Jeremy Carter, a minor suing by and through his parents and next friends Douglas and Tina Carter, and Douglas and Tina Carter, individually, filed this action against the United States on October 7, 1981 alleging that military medical personnel negligently treated Mrs. Tina Carter and her son Jeremy during and immediately after his birth. After two years of discovery and three continuances, the government field a motion to dismiss for failure of the plaintiffs to prosecute and for their failure to comply with the court's discovery orders. The district court, without holding a hearing or considering lesser sanctions, granted the motion on the day it was filed by the government. Rather than appeal the dismissal directly, the Carters instead filed a motion to vacate the order under Fed.R.Civ.Pro. 60(b). The district court denied that motion and a timely appeal was taken from that judgment. After a review of the briefs, the record and the relevant case law, we reverse the district court's denial of the motion to vacate the judgment.

On December 29, 1981, the district court directed the plaintiffs to confer with the government within fifteen days and to furnish the court with an estimate of the length of the trial. The plaintiffs failed to respond to this order and the court issued a second order to the same effect on February 17, 1982.[1] The plaintiffs responded two days later stating that they anticipated a period of twelve months for discovery and that they estimated that the trial would take approximately three to five days.

On January 20, 1982, the government served the plaintiffs with its first set of interrogatories and requests to produce documents. These interrogatories included a question seeking the identity of the plaintiffs' expert witnesses. The plaintiffs failed to respond prompting the government to file motions to compel answers. On August 9, 1982, the court granted these motions directing the plaintiffs to fully comply with the discovery requests within ten days.

The plaintiffs answered the interrogatories fourteen days after the motion to compel was granted by the district court.[2] The responses were unverified. Furthermore, the plaintiffs replied to the inquiry concerning expert witnesses by stating that they were unable to identify them at that particular time but would do so within ninety days.

On January 13, 1983, both parties filed a motion for a continuance based on the plaintiffs' difficulties in communicating with their counsel and their failure to obtain expert witnesses. The plaintiffs had been out of the country for the four months immediately following the filing of

---

1. This order did not contain a warning that failure to respond would result in dismissal.

2. It appears that the plaintiffs never complied with the requests to produce but the government did not rely on this failure in its motion to dismiss before the district court.

their complaint. The court granted this joint motion for a continuance.

On April 17, 1983, the parties filed another joint motion for a continuance. This motion was also granted by the court.

On June 1, 1983, the government served the plaintiffs with a second set of interrogatories. After receiving no response, the government filed a motion to compel which was granted on January 19, 1984. The interrogatories were answered twelve days later.

The parties filed a pretrial order on September 2, 1983, in preparation for a scheduled pretrial conference on that date. Plaintiffs' counsel stated in an affidavit attached to his motion to vacate the dismissal order that he met with counsel for the government on August 30 or 31, 1983 and advised him that he would request a continuance of the trial at the pretrial conference. According to plaintiffs' counsel, he told the government about various witnesses he thought he would call as experts. In his affidavit the attorney stated that he assumed that the government was satisfied with this explanation. A third continuance was granted on September 2, 1983. This was the first and only continuance granted solely at the plaintiffs' request. The court also continued discovery until February 29, 1984 and set a second pretrial conference for March 29, 1984.

On March 29, 1984, the government filed a motion to dismiss for failure to prosecute pursuant to Fed.R.Civ.P. 37 and 41(b) because of the plaintiffs' failure to identify their expert witnesses and their failure to supplement their answers to interrogatories. On that same date, plaintiffs' counsel provided the government with those supplemental responses although none of their experts had yet examined Jeremy Carter and the discovery deadline had since passed. At the second pretrial conference, which was held on the day that the motion

to dismiss was filed, the court granted the motion to dismiss, stating as its reason that the plaintiffs "failed to prosecute this case with due diligence." A motion to vacate pursuant to Fed.R.Civ.P. 60(b) was timely filed by the plaintiffs and denied by the court on February 1, 1985. It is that order that is currently on appeal to this court.

At the outset, we note that the Carters did not appeal the order granting the motion to dismiss. It is well settled that an appeal from a denial of a Rule 60(b) motion cannot serve as a substitute for an appeal of the underlying order. *See Parks v. U.S. Life & Credit Corp.*, 677 F.2d 838, 840 (11th Cir.1982). In such circumstances we will reverse a district court's decision denying a Rule 60(b) motion only upon a showing of an abuse of discretion. *Fackelman v. Bell*, 564 F.2d 734 (5th Cir.1977).[3] It is also true, however, that a Rule 60(b) motion "is a flexible tool designed to do substantial justice; [cites omitted] and we should not stray too far into technical niceties in considering its applicability." *Id.* at 736–37. In addition, the Rule's "main application is to those cases in which the true merits of a case might never be considered because of technical error...." *Id.* at 735.

The district court dismissed the plaintiffs' action summarily and in one paragraph. The order does not disclose the Federal Rule of Civil Procedure upon which it was predicated, but it did state that the "plaintiffs have failed to prosecute the action with due diligence." Therefore, we must assume that the court dismissed the case under Fed.R.Civ.P. 41(b)[4] for failure to prosecute.

In this circuit, the legal standard to be applied under Rule 41(b) is whether there is a "clear record of delay *or* willful contempt *and* a finding that lesser sanctions would not suffice." *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir.1983) (emphasis in original). Although the relevant standard

---

**3.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

**4.** Rule 41(b) states in pertinent part:

For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him....

of review is abuse of discretion, *id.*, case law makes clear that the dismissal of an action "is a sanction of last resort, applicable only in extreme circumstances." *Id.* The district court in the present case made no explicit finding that lesser sanctions would not be appropriate. The motion to dismiss was granted the same day it was filed thereby precluding the plaintiffs from filing a responsive brief. And, the district court gave no reasons to support its decision, making review of that decision difficult. Therefore, were this case before us on direct appeal of the dismissal order, we would have little trouble in deciding that the court abused its discretion under Rule 41(b). As noted earlier, however, the issue facing us is whether the court abused its discretion by failing to grant the plaintiffs' Rule 60(b) motion. We turn to that issue.

After the court dismissed the suit, the plaintiffs filed a motion to vacate the judgment wherein they attempted to explain their failure to comply with various court orders and furnish a list of expert witnesses. They stated to the court that they had trouble communicating with their attorney because they had been assigned and reassigned to several Air Force bases between October, 1981 and December, 1983. In addition, the plaintiffs were out of the country for the four months immediately following the filing of their complaint and Douglas Carter, the father, was stationed in Greenland for over a month in late 1983 and early 1984. They also experienced financial difficulties, problems with their car, and Douglas Carter's absence allegedly precluded them from keeping an appointment with an expert witness in late 1983. To make matters worse, they lost the first set of interrogatories during an emergency move from the Phillipines. Their attorney

claimed that he did not supplement the interrogatories because he thought that he had informally supplied those answers to counsel for the government in the days preceding the first pretrial conference.[5] He did inform the court that he had hand-delivered those answers to the government on March 29, 1984, the day that the court entered the dismissal order.[6]

The court denied the plaintiffs' Rule 60(b) motion without comment. They claim that this denial constituted an abuse of discretion because they were entitled to relief under subsection 1 of Rule 60(b), which states the following:

> On motion and upon such terms as are just, the court may relieve a party of his legal representative from a final judgment order or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect. . . .

The purpose of a Rule 60(b) motion is "to permit the trial judge to reconsider . . . matters so that he can correct obvious errors or injustices and so perhaps obviate the laborious process of appeal." *Fackelman v. Bell,* 564 F.2d 734. 736 (11th Cir. 1977). As noted earlier, the court in this case invoked the harsh sanction of dismissal without any warning to the plaintiffs, without a hearing or a responsive brief, and without articulating a reason that lesser sanctions would not suffice. In their motion to vacate, the plaintiffs alleged several facts which tended to diminish, at least to some extent, the egregiousness of their conduct. By this time the plaintiffs had supplied the government with their list of expert witnesses and were ready to proceed with the trial. In light of these circumstances,[7] and the district court's failure in both of its orders to address lesser sanc-

---

5. This statement, of course, does not explain counsel's failure to supply those answers within the ninety days immediately after his response to the court's order granting the government's motion to compel.

6. In an effort to excuse his conduct, the lawyer also told the court through an affidavit that this was his first federal case and that he was inexperienced in federal court procedure. He asked the court to sanction him personally as an alternative to dismissing the action.

7. We do not in any way condone the behavior of the plaintiffs or their attorney. We simply hold that this conduct did not justify the harsh remedy of dismissal in light of the peculiar facts of this case and the district court's failure to consider lesser sanctions.

tions, we believe that the court abused its discretion by denying the Rule 60(b) motion.

Accordingly, we REVERSE the dismissal order and REMAND this case for proceedings consistent with this opinion.[8]

---

8. The district court is, of course, free to sanction the plaintiffs or their lawyer for their conduct in this case. We hold only that the court's failure to vacate its dismissal order constituted an abuse of discretion.