893 F.2d 1201
 15 Fed.R.Serv.3d 1207
 J.D. PHARMACEUTICAL DISTRIBUTORS, INC., a New York
corporation, Plaintiff-Appellee,
v.
SAVE-ON DRUGS & COSMETICS CORP., a Puerto Rico corporation;
Farmedics, Inc., a Florida corporation; Save-On Drugs &
Cosmetics, Inc., a Florida corporation; Save-On Drugs of
Coral Springs, Inc., a Florida corporation, Defendants,
Farmedics of California, Inc., a California Corporation;
Martin Thuna; Sonia Thuna, Defendants-Appellants.
 Nos. 86-5675 to 86-5777 and 87-5403.
 United States Court of Appeals,
Eleventh Circuit.
 Feb. 6, 1990.
 
 1
 James D. Keegan, Coral Gables, Fla., William J. Genego, Santa Monica, Cal., Ron R. Goldie, Michael J. Plonsher, Pacific Palisades, Cal., for Martin & Sonia Thuna & Farmedics of Cal. in No. 86-5675.
 
 
 2
 Michael Gregory Nearing, Bailey, Dawes & Hunt, Miami, Fla., for plaintiff-appellee.
 
 
 3
 Michael T. Kenney, Santa Ana, Cal., Michael J. Plonsker, Law Offices of Michael J. Plonsker, Pacific Palisades, Cal., James D. Keegan, Coral Gables, Fla., for Martin & Sonia Thuna & Farmedics in No. 87-5403.
 
 
 4
 Appeals from the United States District Court for the Southern District of Florida.
 
 
 5
 Before VANCE*, Circuit Judge, RONEY, Senior Circuit Judge, and EVANS**, District Judge.
 
 ORINDA D. EVANS, District Judge:
 
 6
 These related appeals are before the court on a variety of claims of error stemming from the district court's grant of summary judgment in favor of J.D. Pharmaceutical Distributors, Inc. and the subsequent entry of final judgment on September 10, 1986. Summary judgment was granted after the defendants failed to respond to requests for admission which basically sought admissions that the material averments of the complaint were true, and that all defendants owed plaintiff $195,679.80, plus interest. The motion for summary judgment recited as its basis defendants' failure to respond to the requests for admission, as did the district court's order granting summary judgment.
 
 
 7
 The appellants herein are Martin Thuna, Sonia Thuna and Farmedics of California, Inc. For the reasons stated herein, the judgment against Martin Thuna is affirmed; the judgment against Sonia Thuna is reversed, and the appeal of Farmedics of California, Inc. is dismissed with direction to the district court to vacate the judgment.
 
 
 8
 J.D. Pharmaceutical is a wholesaler which sold pharmaceutical products to the defendant corporations, which are owned and controlled by the individual defendants Martin and Sonia Thuna. J.D. Pharmaceutical alleged in its complaint that the corporate defendants and the Thunas had accrued an open account debt of $195,679.80 as a result of these sales, and that a portion of this debt was represented by unpaid promissory notes in the aggregate face amount of $36,300.54. The complaint asserted that the individual defendants were liable for the debts of the corporations on a piercing-the-corporate veil theory; Martin Thuna additionally was claimed to be liable on the promissory notes as an endorser.
 
 
 9
 The complaint was filed in July, 1981. At that time, the following corporations were named as defendants: Save-On Drugs & Cosmetics, Inc., a Florida corporation; Farmedics, Inc., a Florida corporation; Save-On Drugs & Cosmetics Corp., a Puerto Rico corporation; Save-On Drugs of Oriole, Inc., a Florida corporation; Save-On Drugs of Coral Springs, Inc., a Florida corporation.
 
 
 10
 As of July, 1981, the Thunas maintained residences in Florida and in Puerto Rico. They conducted business in Puerto Rico through Save-On Drugs & Cosmetics Corp., as well as through other Puerto Rican companies. They conducted business in Florida through the referenced Florida corporations.
 
 
 11
 Shortly after J.D. Pharmaceutical's complaint was filed, the Thunas left their Florida residence. At that time, they purchased a residence in Hidden Hills, California at 24954 Jim Bridger Road. The residence was purchased in the name of both Martin and Sonia Thuna, who at all times have been husband and wife. However, the Thunas continued to conduct business in Puerto Rico, at least into 1984. See United States v. Thuna, 786 F.2d 437 (1st Cir.), cert. denied, 479 U.S. 825, 107 S.Ct. 100, 93 L.Ed.2d 50 (1986).
 
 
 12
 When the Thunas moved to California, they purportedly formed a new business entity, Farmedics of California, Inc.[1] According to an affidavit of Martin Thuna and apparent corporate documents appended thereto (filed in support of Martin and Sonia's motion for partial summary judgment), the Florida corporations including Farmedics, Inc. were merged into Farmedics of California, Inc., which assumed all obligations of the Florida corporations. According to Thuna's affidavit, the California corporation then took the name Farmedics, Inc.
 
 
 13
 Between July of 1981 and October of 1982, J.D. Pharmaceutical made repetitive efforts to effect service on the Thunas and their corporations in Puerto Rico, Florida and California. It is obvious from the record that the Defendants were attempting to evade process and delay the proceedings. For example, on July 11, 1982, Farmedics, Inc. through counsel asserted in a motion to quash service of process that one Heriberto Gonzalez had never been a director of that corporation and was not authorized to accept service of process on its behalf. However, a report dated January, 1982 from the Office of the Secretary of State of the State of Florida, responding to the motion, indicated that Mr. Gonzalez was a director of Farmedics, Inc. Also, Martin Thuna's affidavit filed in support of a subsequent motion for partial summary judgment, stated Mr. Gonzalez was a director of Farmedics, Inc.[2]
 
 
 14
 Sonia Thuna through counsel also filed motions to quash service of process. The initial motion to quash argued that Martin Thuna had not been authorized to accept service on her behalf. Then, a private process server left a summons and complaint for Sonia Thuna with a Spanish speaking woman at the Thunas' home in Hidden Hills. An amended motion to quash argued that service was defective because the individual did not speak English and had not been authorized to accept process. No contention was made in either motion that Sonia Thuna did not receive the complaint and summons. Ultimately, a private process server made a pretextual business appointment to meet with Ms. Thuna. The summons and complaint were served on the person who appeared for the appointment, though she refused to identify herself by name.
 
 
 15
 In October, 1982, an answer was filed by counsel on behalf of all defendants, except Save-On Drugs of Coral Springs, Inc. which was never served with process.
 
 
 16
 The discovery and motions phase of the case was prolonged and fitful. In March, 1985, Martin G. Thuna was convicted in the U.S. District Court for the District of Puerto Rico of possession and interstate transportation of stolen goods; he received an eight-year sentence. United States v. Martin G. Thuna, 786 F.2d at 440. The defendants obtained a number of continuances from the district court on account of Thuna's criminal case.
 
 
 17
 In October, 1985, J.D. Pharmaceutical's counsel notified the district court that the case had been settled. The district court dismissed the case sua sponte; however, a dispute arose as to whether the defendants had agreed to pay interest on the account debt as part of the settlement. According to Martin Thuna, he did not agree to pay interest. The dispute was not resolved and the case was reinstated.
 
 
 18
 Shortly after that, counsel for defendants moved to withdraw. The motion stated that only Martin Thuna had knowledge of the facts, and that Mr. Thuna "refuses to call the undersigned regarding this matter, although it is often promised that he will." The motion also recited "irreconcilable differences" between defense counsel and Thuna concerning the handling of the case and nonpayment of fee as bases for withdrawing.[3] Martin Thuna filed a motion opposing the request to withdraw. He disputed counsel's statement that he had failed to return telephone calls, and asserted that counsel's withdrawing would place an undue burden on Defendants. Alternatively, he asked for thirty days within which to obtain new counsel. On February 11, 1986, the district court entered an order deferring ruling on counsel's motion for leave to withdraw, indicating that Thuna would have thirty days to substitute defense counsel;[4] if no defense counsel were substituted, Thuna could proceed pro se. On that same date, the trial court placed the case on a trial calendar beginning September 2, 1986. On March 18, 1986, the court granted defense counsel's motion for leave to withdraw. The order stated that Thuna would be allowed to proceed pro se; he could appoint substitute counsel within ten days. This order was served by mail on Thuna at the Terminal Island Correctional Institute in San Pedro, California, where he was incarcerated.
 
 
 19
 On March 25, 1986, Martin Thuna was transferred from the Terminal Island Correctional Institute to a prison in the U.S. District of Puerto Rico to await trial in a second criminal case. He did not notify the district court or plaintiff's counsel of his change of address.
 
 
 20
 On May 29, 1986, plaintiff served requests for admission which sought admissions as to all material averments of the complaint. Service was made by mail on Martin Thuna at the Terminal Island Correctional Institute in California. Service was made by mail on Sonia Thuna, but not at her residence address as had been provided in interrogatory answers. Rather, the requests were sent to her at two previous business addresses of Farmedics, Inc. One of the addresses previously had been indicated in interrogatory answers to be the correct address of Farmedics, Inc. Ms. Thuna was president of Farmedics, Inc. at the time the requests for admission were mailed, but the record contains no evidence that she personally received the requests for admission. In fact, the record appears to reflect that the requests were returned to plaintiff's counsel by the postal service. Ms. Thuna was not represented by counsel at that time.
 
 
 21
 On June 16, 1986, Martin Thuna actually received the requests for admission at the prison in Puerto Rico. He did not respond and did not request an extension of time. He did discuss his case generally with Frances Diaz, a law school graduate who then worked for the attorney who represented Thuna in his criminal case.[5] Ms. Diaz telephoned a federal magistrate's office in Miami and relayed the message that Thuna was still looking for an attorney. Neither Ms. Diaz' affidavit nor Thuna's affidavit reflects that any formal or informal request was made for an extension of time to respond to the requests for admission. Martin Thuna states in his affidavit that his failure to respond was due to the fact that he had no access to a telephone, no law library, and lacked office equipment. Neither Thuna's affidavit nor that of Ms. Diaz states that he failed to appreciate the importance of responding to the requests for admissions or that he had no writing materials or that he had no access to the U.S. mails.
 
 
 22
 The requests sought admissions (1) that true copies of the promissory notes were attached to the requests; (2) that Martin Thuna had individually endorsed each of the notes; (3) that the principal sum of $36,300.54, plus accrued interest was owed by all Defendants on the notes; (4) that $195,679.80, plus accrued interest was owed for goods sold by J.D. Pharmaceutical to defendants after defendants had received all credits to which they were entitled; (5) that Martin and Sonia Thuna transferred funds between the corporate defendants and to themselves for the sole purpose of defrauding creditors.
 
 
 23
 On July 11, 1986, Martin Thuna returned to the Terminal Island Correctional Institute in San Pedro, California. His affidavit states that he was not allowed to carry the requests for admission with him. Thuna made no effort to contact the district court about this problem.
 
 
 24
 On July 14, 1986, J.D. Pharmaceutical filed a motion for summary judgment, seeking summary judgment on a variety of bases including that the requests for admissions had not been denied or responded to in any fashion by any of the defendants. The motion for summary judgment stated in the body thereof that defendants Farmedics, Inc., Save-On Drugs & Cosmetics, Inc., and Save-On Drugs of Oriole, Inc. had all been merged into Farmedics of California, Inc. in 1982, and that Farmedics of California, Inc. had assumed all obligations and liabilities of the merged corporations. The motion for summary judgment explained that the source of this information was the affidavit of Martin Thuna tendered in support of a motion Thuna had previously filed. Although summary judgment was sought against Farmedics of California, Inc., that entity had never been made a party. The motion for summary judgment was served by mail on Martin Thuna at Terminal Island Correctional Institute and on Sonia Thuna at the same out-of-date address as previously used. Again, the record does not reflect that Sonia Thuna actually received the motion. No defendant filed a response or requested an extension of time for responding. However, on July 26, 1986, Martin Thuna filed a request for an extension of time to obtain substitute counsel. The district court did not rule on this motion.
 
 
 25
 On July 31, 1986, the district court granted J.D. Pharmaceutical's motion for summary judgment, basing its order on defendants' failure to deny or respond to the requests for admissions. The court's order stated that summary judgment was granted against both Martin and Sonia Thuna, Farmedics, Inc., Farmedics of California, Inc., Save-On Drugs of Oriole, Inc., Save-On Drugs & Cosmetics, Inc., and Save-On Drugs & Cosmetics Corp. In this order the court also dismissed the counterclaim of Save-On Drugs & Cosmetics Corp.
 
 
 26
 On August 18, 1986, Martin Thuna filed a motion styled as a motion for reconsideration of the order granting summary judgment, relying in part on Rule 60(b), Fed.R.Civ.P. This motion will be treated as a motion to vacate under Rule 60(b), Fed.R.Civ.P.
 
 
 27
 On August 18, 1986, Martin Thuna, acting pro se also filed a notice of appeal from the district court's grant of summary judgment in favor of J.D. Pharmaceutical and dismissing the counterclaim of defendant Save-On Drugs & Cosmetics Corp. This notice of appeal stated it was filed on behalf of all defendants and is the basis for case No. 86-5675 herein.
 
 
 28
 On August 28, 1986, Martin Thuna quitclaimed his interest in the California residence to Sonia Thuna. The deed states that this was a gift.
 
 
 29
 On September 10, 1986, the district court entered a final judgment in favor of J.D. Pharmaceutical and against Farmedics, Inc., Save-On Drugs & Cosmetics Corp., Save-On Drugs & Cosmetics, Inc., Save-On Drugs of Oriole, Inc., Farmedics of California, Inc., and Martin and Sonia Thuna. The order dismissed the counterclaim filed by Save-On Drugs & Cosmetics Corporation. The court stated it was retaining jurisdiction to consider motions for attorneys' fees and costs.
 
 
 30
 Also on September 10, 1986, the district court denied Martin Thuna's motion to vacate.
 
 
 31
 On September 23, 1986, Martin Thuna filed a notice of appeal from the district court's entry of final judgment in favor of J.D. Pharmaceutical. This appeal, in which Thuna purported to act for all defendants, forms the basis for case No. 86-5776 herein.
 
 
 32
 On September 23, 1986, Martin Thuna also filed a notice of appeal from the district court's order denying his motion to vacate judgment under Rule 60(b). This notice of appeal is on behalf of Martin Thuna only and forms the basis for case No. 86-5777 herein.
 
 
 33
 On October 23, 1986, Martin Thuna filed a notice of appeal from the district court's denial of his motion to withdraw admissions. This motion forms the basis for Case No. 86-5875. Thuna, through appellate counsel, has requested that this appeal be dismissed.
 
 
 34
 On December 2, 1986, J.D. Pharmaceutical filed a dismissal of Save-On Drugs of Coral Springs, Inc. as a defendant. The district court then ordered that Save-On Drugs of Coral Springs, Inc. be dismissed, noting that this defendant had never been served. With the dismissal of this defendant, the judgment included all named defendants.
 
 
 35
 On April 8, 1987, Farmedics of California, Inc. and Sonia Thuna through counsel filed a motion for an order vacating the final judgment entered September 10, 1986. This motion was made under Rule 60(b), Fed.R.Civ.P., and argued that these defendants had never been properly served with the requests for admissions and motion for summary judgment. An affidavit of Sonia Thuna attached to the motion stated "I have no knowledge or recollection whatever of having received [the requests for admission]." She stated that neither of the Farmedics' business addresses to which the requests had been sent were current business addresses at that time. On April 21, 1987, the district court denied the motion to vacate. Sonia Thuna and Farmedics of California, Inc. through counsel filed an appeal from the district court's order on May 7, 1987; this appeal is No. 87-5403 herein.
 
 
 36
 Finally, on July 17, 1987, Sonia Thuna and Farmedics of California, Inc. acting through counsel filed Appeal No. 87-5654 regarding certain post-judgment actions of the district court; they request that this appeal be dismissed on grounds of mootness.
 
 LEGAL DISCUSSION
 
 37
 Some jurisdictional and other preliminary issues are presented. They are: (1) which defendants are properly before this court on appeal; (2) whether this court has jurisdiction due to a possibility that the judgment entered in the court below was not a final judgment.
 
 
 38
 When the appeal in Case No. 86-5675 was filed, this court posed the question whether the appeal could proceed on behalf of any defendant other than Martin Thuna, inasmuch as Thuna had filed the notice of appeal acting pro se. On July 28, 1987, we preliminarily dismissed the appeal as to all defendants except Martin Thuna, with direction that any other party could elect to proceed by having counsel file an appearance within thirty days. A timely appearance was filed by counsel representing Sonia Thuna and Farmedics of California, Inc. only.[6] Accordingly, we reinstated Sonia Thuna's appeal in Case No. 86-5675. J.D. Pharmaceutical's motion for reconsideration of the action reinstating Ms. Thuna's appeal is hereby denied, and her appeal shall proceed.
 
 
 39
 We note sua sponte that Farmedics of California, Inc. has never been made a party to this litigation in the court below. While both sides seem content to treat it as a party defendant, the terms of a stipulation, if any, to that effect are unclear. Specifically, it is not clear whether counsel mutually deem Farmedics of California, Inc. to be a substitute for other defendants who have not appealed, or rather simply an additional defendant against whom judgment has been rendered.
 
 
 40
 Having considered the merits of Farmedics of California, Inc.'s appeal of the district court's denial of its motion to vacate, the court GRANTS the appeal of Case No. 86-5403. The district court's order denying the motion to vacate is REVERSED and the district court is directed to vacate the judgment against Farmedics of California, Inc. The appeals of Case Nos. 86-5675 and 87-5654 on behalf of Farmedics of California, Inc. are DISMISSED as MOOT.[7]
 
 
 41
 Thus the only remaining appeals to be considered are those of Martin Thuna and Sonia Thuna.
 
 
 42
 We conclude that the district court's order granting summary judgment is reviewable as a final order under 28 U.S.C. Sec. 1291. While the order did not grant summary judgment as to one named defendant, Save-On-Drugs of Coral Springs, J.D. Pharmaceutical subsequently dismissed this defendant. See Norman v. Housing Authority of Montgomery, 836 F.2d 1292 (11th Cir.1988). Also, notwithstanding the district court's statement that it would "retain jurisdiction to determine attorneys' fees," appellants point out that there was no request for attorneys' fees in the complaint, and no provision for attorneys' fees in the contracts at issue. J.D. Pharmaceutical does not dispute this. Accordingly, the district court's summary judgment order is a final, appealable order as it disposes of all claims against all parties. See Rule 54(b), Fed.R.Civ.P.; 28 U.S.C. Sec. 1291.[8]
 
 
 43
 APPEALS OF SONIA THUNA IN CASE NOS. 86-5675, 87-5403, and 87-5654.
 
 
 44
 Sonia Thuna's motion to dismiss her appeal in Case No. 87-5654 is granted.
 
 
 45
 Turning to Case Nos. 86-5675 and 87-5403, it is clear that Ms. Thuna's procedural challenge to the judgment entered against her is meritorious. The record fails to reflect that Ms. Thuna, who was not represented by counsel, had actual notice of the requests for admission which went unanswered or of the motion for summary judgment. Neither does the record reflect a satisfactory basis for constructive notice.
 
 
 46
 The record reflects that the requests for admission which were mailed to Farmedics, Inc. at two different addresses were returned to plaintiff's counsel. The requests were not mailed to Ms. Thuna at her residence. Thus, there is no proof of actual notice.
 
 
 47
 Under Rule 5(b), Fed.R.Civ.P., adequate constructive service may be made by mailing papers to a party's last known address. In the instant case, Sonia Thuna's last known address was the address she provided to plaintiff's counsel during discovery; specifically, her residence address. While the business addresses for Farmedics had also been provided to plaintiff's counsel in discovery, they had not been represented to be addresses for Sonia Thuna.
 
 
 48
 Because Sonia Thuna had neither actual nor adequate constructive notice of the requests for admission, her failure to respond thereto was an improper basis for granting summary judgment against her. See In re Mack, 330 F.Supp. 737, 738 (S.D.Tex.1970). Accordingly, the district court abused its discretion in denying Sonia Thuna's motion to vacate the judgment and erred in granting summary judgment against her. Thus, the district court's orders denying Ms. Thuna's motion to vacate and granting summary against her are reversed and the case is remanded with direction to vacate the judgment against her.
 
 
 49
 APPEALS OF MARTIN THUNA IN CASE NOS. 86-5675, 86-5776, 86-5777, and 86-5875
 
 
 50
 Initially, Martin Thuna's request through appellate counsel that the appeal in Case No. 86-5875 be dismissed is granted.
 
 
 51
 In Thuna's appeals from the district court's grant of summary judgment against him and from the entry of final judgment against him, he makes no argument that summary judgment was legally inappropriate given the unanswered status of the requests for admission. Neither does he dispute the actual receipt of the requests for admission or the motion for summary judgment or that he failed to respond to either the requests or the motion. Instead, he argues that the district court erred in granting judgment against him without allowing him more time to look for a new lawyer. Also, he argues in Case No. 86-5777 that the district court erred in denying his motion to vacate judgment under Rule 60(b).
 
 
 52
 It is generally recognized that a trial court has wide discretion to control its docket, and that decisions of the trial court as to matters such as the amount of time a litigant should be given to obtain counsel are reviewable only under an abuse of discretion standard. See Landis v. North American Co., 299 U.S. 248, 254, 57 S.Ct. 163, 165, 81 L.Ed. 153 (1936); Hines v. D'Artois, 531 F.2d 726, 733 (5th Cir.1976). In the instant case, the trial court determined that it would allow Martin Thuna forty days to obtain new counsel. The record as a whole fails to support an argument that this was an abuse of discretion, notwithstanding Thuna's subsequent unilateral notifications to the district court that he was still looking for a lawyer.
 
 
 53
 While a pro se litigant's status as a prisoner is certainly relevant to a question of how much time should be allowed to effect compliance with court procedures, it does not automatically follow that the court's rules should always be relaxed at the request of a pro se prisoner litigant. See Moon v. Newsome, 863 F.2d 835 (11th Cir.), cert. denied, --- U.S. ----, 110 S.Ct. 180, 107 L.Ed.2d 135 (1989). As the district court noted in its order granting summary judgment, the defendants had engaged in dilatory tactics and had disregarded court rules. The district court knew that Thuna had already had two sets of lawyers, the second of whom had withdrawn because of apparent inability to control the primary client, Martin Thuna. Also, the court was aware that Thuna was an experienced businessman. The district court could well have reasoned that Thuna's purported continuing efforts to obtain new counsel were merely a ruse to delay the progress of the litigation.
 
 
 54
 The question in Case No. 86-5777 is whether, in denying Thuna's motion to vacate the judgment against him, the district court abused its discretion. See Carter v. United States, 780 F.2d 925 (11th Cir.1986). We find that it did not.
 
 
 55
 In order to obtain relief under Rule 60(b)(1), Fed.R.Civ.P., a litigant must show that the judgment came about through mistake, inadvertence, surprise or excusable neglect. For the reasons previously stated, the district court was justified in determining that Thuna's failure to respond to the requests for admission was none of these, but rather a function of Thuna's decision to seek to delay the litigation.
 
 
 56
 In summary, for the reasons aforesaid, the appeal of Farmedics of California, Inc. is GRANTED IN PART and DISMISSED IN PART AS MOOT; the district court's order denying Farmedics of California, Inc.'s motion to vacate is REVERSED and the judgment against it is VACATED; the district court's order entering summary judgment against Sonia Thuna is REVERSED and the judgment against her is VACATED; the district court's order entering summary judgment against Martin Thuna is AFFIRMED and the court's order denying Martin Thuna's motion to vacate the judgment is AFFIRMED.
 
 
 
 *
 Judge Robert S. Vance concurred in this opinion prior to his death on December 16, 1989
 
 
 **
 Honorable Orinda D. Evans, U.S. District Judge for the Northern District of Georgia, sitting by designation
 
 
 [1]
 The instant record does not contain copies of any California incorporation papers
 
 
 [2]
 The motion for partial summary judgment was filed on behalf of Martin and Sonia Thuna. The gist of the motion was that piercing the corporate veil was inappropriate because the corporations had substantial assets and had observed proper corporate formalities
 
 
 [3]
 The outstanding bill was in the sum of $8,000. According to an affidavit of Martin Thuna filed in support of a motion for partial summary judgment in 1983 (arguing that piercing the corporate veil is inappropriate because the corporations have substantial assets), the corporate defendants have always been controlled by the Thunas. The affidavit states that for the year ended 1982, Farmedics, Inc. had sales in excess of 18 million dollars and assets exceeding 2.9 million dollars. The record reflects that while Martin Thuna was in prison, Sonia Thuna served as president of Farmedics, Inc.; a credit report reflects that the company was in business in 1986 in California, selling drugs and vitamins on a wholesale basis to drug stores and doctors; that it had 100 accounts and 20 employees. The same credit report reflects gross sales in 1984 of in excess of 29 million dollars. Further, papers appended to a motion to vacate or modify stay presently pending before this court reflect that the Thunas' residence in Hidden Hills, California, has a value in excess of one million dollars
 
 
 [4]
 The court later clarified this order with respect to the other defendants
 
 
 [5]
 Ms. Diaz is now associated in practice with Michael T. Kenney, a California attorney who initially represented Sonia Thuna and Farmedics of California, Inc. in this appeal
 
 
 [6]
 Said counsel subsequently withdrew but was replaced by substitute counsel who represents Sonia Thuna, Martin Thuna and Farmedics of California, Inc. on appeal
 
 
 [7]
 We note that Farmedics, Inc., a Florida corporation, is a party defendant. No appeal was taken on behalf of this corporation; accordingly, it is bound by the judgment in the court below
 
 
 [8]
 We are cognizant of the fact that after this appeal was fully briefed, the district court, on limited remand, corrected a clerical error which had resulted in erroneous entry of judgment against Save-On Drugs & Cosmetics Corp. Inasmuch as Save-On Drugs & Cosmetics Corp. had not appealed the entry of judgment, we deem that our jurisdiction, which previously had attached, was unaffected by the district court's action. Norman, 836 F.2d at 1296