[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**December 19, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 05-12539
Non-Argument Calendar

_____

D. C. Docket No. 99-02841-CV-SH

LAUREL ANDERSON,
KEIR ANDERSON,

                                                    Plaintiffs-Appellants,

versus

UNITED STATES OF AMERICA,
DRUG ENFORCEMENT ADMINISTRATION,
UNITED STATES CUSTOMS SERVICE,
RENE RIVERA,
GEORGE EVANCHECK, et al.,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 19, 2005)**

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Laurel and Keir Anderson ("the Andersons") appeal the district court's

denial of their post-judgment motion seeking leave to amend their complaint, which contains claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), against (1) the United States; (2) the Drug Enforcement Administration ("DEA"); (3) the U.S. Customs Service ("USCS"); and (4) several named and unnamed DEA and USCS employees.

On December 20, 2002, after affording the Andersons several opportunities to amend their complaint, the district court entered a final order of dismissal as to their Bivens claims because they failed to meet the heightened pleading requirement applicable to cases in which the defense of qualified immunity is available. On August 26, 2003, we affirmed the district court's decision, Anderson v. United States, No. 03-11014 (11th Cir. 2003) (unpublished), holding that we were bound by our decision in Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001) (setting out the heightened pleading requirement).

On February 28, 2005, the Andersons, returning to the district court, filed a "Motion for Leave to Amend Complaint under Rule 15(c)(2) and (3)," stating that they should be permitted to amend their complaint because (1) they would state a claim that would meet the heightened pleading requirement for Bivens cases; (2) their attorney failed to file a petition for rehearing en banc with us and failed to

2

contact them after they refused to accept a settlement offer while their case was on appeal; (3) they could explain numerous errors that were made by their attorney; and (4) they should have a chance to respond to the evidence submitted by the Government in its motion to dismiss, since their attorney never objected to it. The district court denied their motion, stating that the case remained closed. The Andersons thereafter lodged the appeal now before us.

On appeal, the Andersons contend that their motion to amend should have been granted because: (1) they received ineffective assistance of counsel in their previous appeal; (2) the motion "related back" to their original amended complaint; (3) if permitted to amend their complaint, they would show that the defendants did not have qualified immunity and that they were entitled to relief; and (4) they deserved a chance to respond to the Government's motion to dismiss.

Although the motion at issue recites that it was being brought under Fed. R. Civ. P. 15(c), we treat the motion as a post-judgment motion (which it is) under Fed. R. Civ. P. 60(b) because it sought relief from a final judgment of dismissal. Rule 60(b) provides:

> [T]he court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial . . . ; (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been

satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). The rule further provides that "the motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." Id. The purpose of a Rule 60(b) motion is to permit the district court to reconsider matters so as to correct obvious errors or injustices. Carter By and Through Carter v. United States, 780 F.2d 925, 927 (11th Cir. 1986).

We review a district court's denial of a Rule 60(b) motion for an abuse of discretion. Crapp v. City of Miami Beach, 242 F.3d 1017, 1019 (11th Cir 2001). Because the Andersons's motion did not establish that they were entitled to relief and was untimely, we could hardly say that the district court abused its discretion.

AFFIRMED.

4