[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 12, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13745
Non-Argument Calendar

_____

D. C. Docket No. 07-60558-CV-WPD

CARLOS SHAARBAY,

Plaintiff-Appellant,

versus

THE STATE OF FLORIDA,
CITY OF HOLLYWOOD POLICE,
CITY OF DAVIE POLICE DEPARTMENT,
JUDGE PETER M. WEINSTEIN,
JUDGE MICHAEL GATES, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 12, 2008)**

Before ANDERSON, BLACK and HULL, Circuit Judges.

PER CURIAM:

Carlos Shaarbay, a prisoner proceeding *pro se*, appeals the dismissal of his requests for reconsideration regarding the district court's previous order dismissing his 42 U.S.C. § 1983 civil complaint as frivolous.

We review for an abuse of discretion the denial of a motion to reconsider a final judgment. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir.), *cert. denied*, 128 S. Ct. 660 (2007). "A post-judgment motion may be treated as made pursuant to either [Federal Rule of Civil Procedure] 59 or 60–regardless of how the motion is styled by the movant–depending on the type of relief sought." *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997). "Rule 59 applies to motions for reconsideration of matters encompassed in a decision on the merits of a dispute." *Wright v. Preferred Research, Inc.*, 891 F.2d 886, 889 (11th Cir. 1990). However, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). By way of contrast, "the purpose of a Rule 60(b) motion is to permit the trial judge to reconsider matters so that he can correct obvious errors or injustices and so perhaps obviate the laborious process of appeal." *Carter By and Through Carter v. U.S.*, 780 F.2d 925, 928 (11th Cir. 1986) (quotations and alterations omitted).

Shaarbay's various post-judgment pleadings essentially constituted a request for reconsideration of the court's order dismissing his complaint under Rule 59(e). However, Shaarbay merely restated his challenges to his underlying conviction that the district court had already rejected.  As a result, the district court did not abuse its discretion in denying his requests for reconsideration, because a party cannot use a Rule 59(e) motion "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  *See Michael Linet, Inc.*, 408 F.3d at 763.

**AFFIRMED.**