[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 8, 2009
THOMAS K. KAHN
CLERK

_____

No. 07-15087
Non-Argument Calendar

_____

D. C. Docket No. 07-00799-CV-T-23-TGW

ERNEST ENAX,
an individual,

Plaintiff-Appellant,

versus

STEVEN GOLDSMITH,
an individual,
ROBERT BUDDE,
an individual,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 8, 2009)**

Before EDMONDSON, Chief Judge, BIRCH and FAY, Circuit Judges.

PER CURIAM:

Plaintiff-Petitioner Ernest Enax ("Enax") appeals the district court's order dismissing his amended civil-rights complaint for failure to prosecute. We do not have jurisdiction to review Enax's appeal from the district court's 24 August 2007 order. As to Enax's appeal of the 13 September 2007 and 9 October 2007 orders, the district court did not abuse its discretion by denying Enax's motions.

Enax filed in May 2007 a pro se complaint against Defendant Goldsmith, an Internal Revenue Service ("IRS") revenue officer, and Defendant Budde, an IRS group manager, in their individual capacities. Enax alleged civil-rights violations related to an IRS levy on his Social Security disability benefits. Filing the complaint under 42 U.S.C. § 1983, Enax contended that Defendants were members of a "secret society" that stole "by stealth and fraud" money from his Social Security benefits, thereby "reducing [Mr. Enax] to a condition of involuntary servitude." The district court dismissed the complaint without prejudice for failure to state a claim because Enax did not allege that Defendants were state actors, a necessary element of a section 1983 claim. The court permitted Enax to file an amended complaint on or before 13 July 2007.

Enax timely filed an amended complaint, but it did not comply with a local rule that requires an amended pleading to be filed in its entirety. The district court

2

dismissed the complaint without prejudice and allowed Enax to file an amended complaint that conformed with local rules by 10 August 2007. Enax did not file an amended complaint within the allotted time. Two weeks later, on 24 August 2007, the district court dismissed the case for lack of prosecution.

On 12 September 2007, Enax filed a Fed. R. Civ. P. 60(b) ("Rule 60(b)") motion to vacate the district court's order of dismissal based on "clerical error." The court denied the motion the next day.

On 2 October 2007, Enax filed a second motion, this time to vacate the district court's 13 September order denying the original motion to vacate. Because Enax offered no legal basis for the motion, the district court denied the motion on 9 October 2007. Enax filed a notice of appeal on 24 October 2007, seeking review of the district court's 24 August dismissal order and its 13 September and 9 October orders denying Enax's motions to vacate.

We review for an abuse of discretion the district court's denial of a Rule 60(b) motion. Burke v. Smith, 252 F.3d 1260, 1263 (11th Cir. 2001). First, we examine Enax's appeal from the district court's 24 August order. Then, we will review Enax's appeal from the 13 September and 9 October orders.

A petitioner's notice of appeal must be filed within the time limits set forth in Fed. R. App. P. 4(a). Compliance with the requirements for filing timely a notice

of appeal is both "mandatory and jurisdictional." Coleman v. Thompson, 111 S. Ct. 2546, 2565 (1991). We do not have jurisdiction to hear Enax's appeal from the 24 August order under Fed. R. App. P. 4(a)(1)(A) or Fed. R. App. P. 4(a)(1)(B).[1] At the latest, Enax's notice of appeal must have been filed by 23 October 2007 to be timely. Because Enax did not file a notice of appeal until 24 October 2007, it was untimely; and we do not have jurisdiction to review it.[2]

We may, however, review Enax's appeals from the 13 September and 9 October district court orders denying his Rule 60(b) motions. Relief under Rule 60(b) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Crapp v. City of Miami Beach, 242 F.3d 1017, 1020 (11th Cir. 2001) (internal citation omitted). Because "an appeal from a denial of a Rule 60(b) motion cannot serve as a substitute for an appeal of the underlying order," we review only the district court's refusal to reinstate Enax's case: not the merits of Enax's case or the district court's underlying decision to dismiss it. Carter ex rel. Carter v. United States, 780 F.2d 925, 927 (11th Cir. 1986) (internal

---

[1] A sixty-day appeal period applies here. Fed. R. App. P. 4(a)(1)(B). See Wallace v. Chappell, 637 F.2d 1345, 1348 (9th Cir. 1981) (en banc) (sixty-day filing period for Rule 4(a) applies to alleged grievance arising from government activity if "defendant officers were acting under color of office" or if "any party in the case is represented by a government attorney"). See also Williams v. Collins, 728 F.2d 721, 724 (5th Cir. 1984).

[2] Because Enax's Rule 60(b) motion was filed on 12 September 2007, more than ten business days after entry of the 24 August 2007 order of dismissal, it did not toll the period for filing a timely notice of appeal. See Fed. R. App. P. 4(a)(4)(A)(vi).

4

citation omitted).

Here, Enax appeals impermissibly the merits of the complaint dismissed by the district court. He presents no legitimate reason why the district court should have reinstated his suit under Rule 60(b) due to clerical error or for any other eligible ground for relief. The district court did not abuse its discretion by denying Enax's Rule 60(b) motion in its 13 September and 9 October orders. Accordingly, we affirm the district court.

DISMISS IN PART, AFFIRM IN PART.