[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13222
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cv-24918-JEM

DIANA BERBER,

Plaintiff - Appellant,

versus

WELLS FARGO, NA,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 18, 2021)

Before WILSON, ROSENBAUM and MARCUS, Circuit Judges.

PER CURIAM:

Diana Berber, through counsel, appeals the district court's order denying her

motion under Fed. R. Civ. P. Rule 60(b)(3), (b)(6), and (d)(3) to vacate its judgment

dismissing her employment action under the Florida Private Whistleblower Act

("FWA"), Fla. Stat. § 448.102, and the Florida Racketeer Influenced and Corrupt

Organization ("Florida RICO") Act, Fla. Stat. § 895.05.  She argues on appeal that

the district court abused its discretion in denying her motion to vacate because a

declaration submitted by Wells Fargo Bank, N.A. ("Wells Fargo") in support of its

motion for summary judgment was fraudulent.[1]  After careful review, we affirm.

In a previous appeal between these same parties, Berber v. Wells Fargo, N.A.,

we described the relevant, undisputed facts like this:

> Diane Berber was hired by Wells Fargo as a Personal Banker in Fort Lauderdale, Florida in July 2013.  Her employment continued until her termination on March 18, 2014.  In her termination letter, Wells Fargo explained that Berber had not met performance expectations for her position, and had not performed what were termed "daily activities to attain sales goals."
>
> Two years after her termination, Berber filed this lawsuit in Florida state court alleging a violation of the FWA and the Florida RICO statute.  Wells Fargo removed to the United States District Court for the Southern District of Florida under diversity jurisdiction.  28 U.S.C. § 1332(a).  In between Berber's termination and initial complaint, the federal government's Consumer Financial Protection Bureau ("CFPB") investigated Wells Fargo for fraudulent sales practices, and Wells Fargo ultimately reached a settlement with the CFPB.  Berber generally claims she was fired for refusing to participate in these sales practices, which allegedly included opening accounts and applying for credit cards on behalf of consumers without their action or consent.  The district court dismissed Berber's Florida RICO allegation for failure to

---

[1] Berber also made an argument in the district court based on Rule 60(b)(2).  Because Berber raised the Rule 60(b)(2) issue to us for the first time in her reply brief, we consider it abandoned.  See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681-82 (11th Cir. 2014) (explaining that abandonment occurs when a party fails to raise an issue until its reply brief or when passing references appear in the argument section of an opening brief, but only as mere "background" to the appellant's main arguments or "buried" within those arguments).

2

state a claim, and later granted summary judgment on her FWA retaliation claim.

798 F. App'x 476, 478 (11th Cir. 2020), cert. denied, 141 S. Ct. 365 (2020).  In that appeal, we affirmed the district court's 2019 judgment in favor of Wells Fargo.

In July 2020 -- after our opinion issued -- Berber filed a Rule 60 motion in the district court to set aside its 2019 judgment.  The motion relied on three agreements Wells Fargo had reached with the U.S. Department of Justice and the Securities and Exchange Commission about Wells Fargo's unlawful sales practices.  According to the agreements, Wells Fargo had implemented a volume-based sales model that had pressured employees to sell vast quantities of products to existing customers without regard for the customer's actual need.  Under this strategy, managers "explicitly direct[ed] and/or implicitly encourage[ed] employees to engage in various forms of unlawful and unethical conduct to meet increasing sales goals."  Further, the "onerous sales goals and accompanying management pressure led to thousands of its employees engaging in (1) unlawful conduct to attain sales th[r]ough fraud, identity theft, and the falsification of bank records, and (2) unethical practices to sell products of no or low value to the customer."  Berber attached to her Rule 60 motion the agreements plus Wells Fargo's February 2020 press release, which reflected that as part of the agreements, it had paid $3 billion to the United States.  The press release also announced that Wells Fargo had since eliminated all product-based sales goals and improved its requirements for customer consent, oversight and control.

3

Citing these materials, Berber's Rule 60 motion argued that the district court's 2019 final judgment should be set aside because it relied on a declaration from Marsha Painter, Berber's manager at the bank, which the 2020 agreements now had discredited.  In the declaration, Painter averred that she had terminated Berber because she had not met performance expectations, despite weekly and, eventually, daily coaching; did little to change her behavior; and struggled to understand Wells Fargo's basic products.  Berber's Rule 60 motion claimed that Painter's declaration was fraudulent because it was premised on the reasonableness of Wells Fargo's sales quotas that had been proven unreasonable through the 2020 agreements.

The district court denied Berber's motion, finding that her new evidence did not eliminate the problems with her claim.  The district court explained that the evidence did not change the fact that Berber did not know of any illegal practices at the time, never reported any illegal activity, and was never asked to engage in illegal activities.  The court further explained that the additional evidence did not rebut Wells Fargo's proffered legitimate reasons for her termination -- i.e., her poor work performance.  Berber timely appealed.

We review the denial of Rule 60(b) and (d) motions for abuse of discretion. Aldana v. Del Monte Fresh Produce N.A., Inc., 741 F.3d 1349, 1355, 1359 (11th Cir. 2014) (Rule 60(b)(6) and (d)(1)); Cox Nuclear Pharmacy, Inc. v. CTI, Inc., 478 F.3d 1303, 1314 (11th Cir. 2007) (Rule 60(b)(3)).  Under abuse-of-discretion review,

4

we must leave undisturbed a district court's ruling unless we find that the district court has made a clear error of judgment or has applied the wrong legal standard. Arthur v. Thomas, 739 F.3d 611, 628 (11th Cir. 2014).

The district court did not abuse its discretion in denying Berber's Rule 60(b) motion. The purpose of a Rule 60(b) motion is to permit the trial court to reconsider matters so that it can correct obvious errors or injustices and perhaps obviate the laborious process of appeal. Carter ex rel. Carter v. United States, 780 F.2d 925, 928 (11th Cir. 1986). It allows a party to be relieved from a judgment due to: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that could not have been discovered earlier with due diligence; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) a void judgment; (5) a judgment that has been satisfied, released discharged, reversed or vacated; or (6) any other reason justifying relief from the judgment. Fed. R. Civ. P. 60(b).

To prevail under Rule 60(b)(3), a movant must prove by clear and convincing evidence that an adverse party obtained the verdict through fraud, misrepresentation or other misconduct. Cox Nuclear, 478 F.3d at 1314. He also must show that the conduct prevented him from fully and fairly presenting his case or defense. Id.

Rule 60(b)(6) is "the catchall provision," which authorizes relief for "'any other reason'" that justifies relief. Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006). Rule 60(b)(6) relief is an extraordinary remedy that may be invoked only if

5

a movant shows exceptional circumstances, and, that absent relief, an extreme and unexpected hardship will result. Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984). In other words, a movant must show "'extraordinary circumstances' justifying the reopening of a final judgment" to obtain relief under Rule 60(b)(6). Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). Moreover, Rule 60(b)(6) is a residual clause that "applies only to cases that do not fall into any of the other categories listed in parts (1)-(5) of Rule 60(b)." BUC Int'l Corp. v. Int'l Yacht Council Ltd., 517 F.3d 1271, 1275 n.4 (11th Cir. 2008) (quotation omitted).

First, we are unpersuaded by Berber's arguments concerning her Rule 60(b)(3) motion because she failed to prove by clear and convincing evidence that Wells Fargo obtained its 2019 judgment through fraud. While Berber claimed that the declaration of her manager, Painter, was premised on the legality of Wells Fargo's sales practices, Berber did not identify any specific statements in Painter's declaration that allegedly were fraudulent. For instance, Painter's declaration addressed Berber's failure to meet the sales goals set for her, but did not discuss the "lawfulness" of Wells Fargo's sales quotas.

But even if Painter had opined on the "lawfulness" of the sales quotas, the result would be the same. Berber's ability to meet her sales quotas did not factor into the district court's dismissal of her FWA and Florida RICO violation claims. The district court held that Berber failed to state a Florida RICO violation claim

6

because her injury was too attenuated from the RICO violation, and to the extent it was based on a pattern of fraud-based criminal activity, it lacked any allegation of an underlying fraudulent act.  As for Berber's FWA claim, the district court dismissed it because she did not show she was aware of illegal activity to which she could have objected or refused to participate in -- a critical element of an FWA claim.  Thus, Berber's ability to meet sales quotas did not factor into the district court's rationale behind the dismissal of either claim, and Berber could not show that Painter's declaration was so material that it resulted in Wells Fargo's fraudulent procurement of the judgment.  Berber also failed to show how Painter's declaration prevented Berber from fully and fairly presenting her case.  Accordingly, the district court did not abuse its discretion in denying Berber's 60(b)(3) motion.

Nor did it abuse its discretion by denying her Rule 60(b)(6) motion.  As the motion made clear, Berber was invoking the fraud exception provided for in Rule 60(b)(3).  Rule 60(b)(6), however, "applies only to cases that do not fall into any of the other categories listed in parts (1)-(5) of Rule 60(b)."  BUC Int'l, 517 F.3d at 1275 n.4 (quotation omitted).  Because her motion fell under Rule 60(b)(3), it necessarily was not proper under Rule 60(b)(6).

Finally, we are unconvinced by Berber's arguments concerning Rule 60(d)(3), which permits a litigant to obtain relief from a final judgment if the movant can show "fraud on the court."  Fraud on the court is a narrow doctrine involving only that

species of fraud that does or attempts to defile the court itself or is perpetrated by officers of the court.  <u>Travelers Idem. Co. v. Gore</u>, 761 F.2d 1549, 1551 (11th Cir. 1985); <u>Rozier v. Ford Motor Co.</u>, 573 F.2d 1332, 1338 (5th Cir. 1978).[2]  Neither perjury nor fabricated evidence constitutes fraud on the court since both can and should be exposed during the proceedings and neither impairs the opposing party from fully presenting his case.  <u>Travelers Idem.</u>, 761 F.2d at 1552.  Generally, "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court."  <u>Rozier</u>, 573 F.2d at 1338 (quotation omitted).  Conclusory allegations of fraud are insufficient for relief.  <u>Booker v. Dugger</u>, 825 F.2d 281, 283-84 (11th Cir. 1987).

Because Berber failed to present any evidence that Painter's declaration constituted a fraud on the court, the district court did not abuse its discretion by denying Berber's Rule 60(d)(3) motion.  Berber also failed to show how any allegedly false statement was more injurious than perjury or false testimony or how it constituted an exceptional circumstance.  In short, Berber's conclusory assertions that fraud existed are simply insufficient to justify relief.

**AFFIRMED.**

---

[2] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

8