**Benito VILLAREAL, Plaintiff-Appellant,**

v.

**BRASWELL MOTOR FREIGHT LINES, INC., Defendant-Appellee.**

No. 76–3192

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 21, 1977.

Henry M. Rosenblum, Robert B. O'Keefe, Houston, Tex., for plaintiff-appellant.

Hugh M. Smith, Dallas, Tex., for defendant-appellee.

Before BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

Benito Villareal appeals from the district court's denial of his motion for reconsidera-

---

* Rule 18, 5th Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5th Cir. 1970, 431 F.2d 409, Part I.

tion under Rule 60(b) of the Federal Rules of Civil Procedure.[1] He asks this court to reverse the district court's denial of his motion on the ground that the court below abused its discretion in so ruling. Based on the facts and record in this case, we decline to reverse and instead affirm the order below.

On April 6, 1973 Villareal filed an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981 alleging employment discrimination on the basis of national origin. Over two years later he filed a motion for leave to amend his complaint to "clarify and correct any existing deficiencies in the Rule 23 [class] allegation . . . ." He also moved to maintain a class action. Both motions were denied and the case went to trial on the individual cause of action. Subsequently, on November 24, 1975, Judge Ben C. Connally entered findings of fact and conclusions of law to the effect that the defendant was not guilty of discrimination. Shortly thereafter, Judge Connally died. Based on Judge Connally's November 24 memorandum, however, the case was dismissed on December 19, 1975. Plaintiff's motion for reconsideration was filed on January 16, 1976 and was denied by Judge Carl O. Bue on June 7, 1976.

■ Motions under Rule 60(b) of the Federal Rules of Civil Procedure are addressed to the sound discretion of the court and the ruling will be reversed on appeal only upon a showing of abuse of that discretion. *Hand v. United States*, 441 F.2d 529 (5th Cir. 1971). It is interesting to note that appellant has not attempted to gain review of Judge Connally's decision by direct appeal to this court. Instead he makes the much more limited attack on Judge Bue's denial of his 60(b) motion.

■ As grounds for his appeal, appellant contends that Judge Connally applied an incorrect legal standard in determining whether the action could be maintained as a class action. He cites several cases from this court that call for a liberal interpretation of Rule 60(b). *Oliver v. Home Indemnity Co.*, 470 F.2d 329 (5th Cir. 1972); *Meadows v. Cohen*, 409 F.2d 750 (5th Cir. 1969); and *McDowell v. Celebrezze*, 310 F.2d 43 (5th Cir. 1962). Judge Bue's memorandum and order denying the 60(b) motion effectively distinguishes these cited cases from the one at bar:

Plaintiff here does not seek to invoke any matter which was not presented to the trial court. Indeed, the trial court entered a written order expressly ruling on the grounds presented to this Court. Thus, the rationale applied in *Meadows v. Cohen* and *Oliver v. Home Indemnity Co.* is wholly inapposite in the present context.

It should also be pointed out that plaintiff is not here asking for a reconsideration of the legal conclusions of this Court, but, rather, those legal conclusions rendered by another court. Thus, the vacation of judgment in *McDowell v. Celebrezze*, seems likewise inapposite. While it might be appropriate in a Rule 60(b)(1) motion for a court to reconsider the various grounds which support its own rulings, the Court finds no authority for and does not consider proper the application of such a motion in the context of one trial court reassessing the amalgamation of legal principles, facts and judicial discretion undergirding the rulings of another trial court. And while this Court might have exercised its discretion in a manner contrary to the exercise of discretion by the trial court in this suit, the Court does not consider this difference of opinion tantamount to the "clear" mistake of law necessary to invoke Rule 60(b)(1).

Appendix p. 56 (footnote omitted).

In effect Villareal disagreed with Judge Connally's handling of this case and asked

---

1. Plaintiff's motion is based particularly on subsection (1) of Fed.R.Civ.P. 60(b), which says:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . .

for a review of his decision, not by the Court of Appeals, but instead by another district judge following Judge Connally's death. Judge Bue considered the appellant's motion and authorities and ruled against him. We find no abuse of discretion in that ruling and the decision is therefore AFFIRMED.