John T. FACKELMAN,
Petitioner-Appellant,

v.

Griffin B. BELL, Attorney General, et
al., Respondents-Appellees.

No. 76–4078.

United States Court of Appeals,
Fifth Circuit.

Dec. 15, 1977.

N. David Buffington, Atlanta, Ga., for petitioner-appellant.

John W. Stokes, U. S. Atty., Atlanta, Ga., Leonard Schaitman, Edwin E. Huddleson, III, Barbara Allen Babcock, Asst. Atty. Gen., Thomas G. Wilson, Atty., U. S. Dept. of Justice, Washington, D. C., for respondents-appellees.

Before JONES, GODBOLD and GEE, Circuit Judges.

GEE, Circuit Judge:

During his incarceration in the Atlanta Federal Penitentiary appellant John T. Fackelman sought access to his institutional file. Federal prison officials granted this request in part, releasing some 225 pages to the prisoner, but they denied another part of the request on the ground that certain documents were exempt from disclosure under the Freedom of Information Act (FOIA). The federal officials also assessed Fackelman a copying fee of $23.20 for the documents released. After an unsuccessful administrative appeal, Fackelman filed an action pro se to gain access to the undisclosed documents and to seek recovery of the $23.20 fee. He styled this action a petition for a writ of habeas corpus.

Upon receiving this petition, the district court requested a response from the federal prison officials. Before this response was filed, Fackelman was transferred to the federal penitentiary at Lewisburg, Pennsylvania; and although the response and a certificate of service were filed on December 11, 1975, Fackelman did not receive a copy until January 22, 1976. Fackelman filed a reply on January 30, not realizing that in the meantime, on January 28, the district court had filed an order denying the habeas petition and entering judgment for the federal prison officials. Fackelman then filed a notice of appeal. Shortly thereafter he acquired an attorney of record, who moved under Rule 60(b) of the Federal Rules of Civil Procedure to set aside the January 28 judgment and also withdrew the notice of appeal.

The district court denied the motion to set aside the January 28 judgment and in the process gave a detailed elaboration of his responses to the appellant's objection to that judgment. From his denial of a further motion for a rehearing, Fackelman now appeals.

While the appellant's case originally arose out of questions relating to the FOIA and its exemptions, the case in its present posture does not call upon us to settle those questions. The sole issue on appeal is the propriety of the district court's denial of the motion to set aside judgment under Rule 60(b).

While a 60(b) motion to set aside judgment is to be "construed liberally to do substantial justice," *Laguna Royalty Co. v. Marsh*, 350 F.2d 817, 823 (5th Cir. 1965), it is not a substitute for appeal. It has been most liberally applied to default judgments; its main application is to those cases in which the true merits of a case might never be considered because of technical error, or fraud or concealment by the opposing party, or the court's inability to consider fresh evidence. *See Dugan v. United States*, 521 F.2d 231 (5th Cir. 1975); *Greater Baton Rouge Golf Association v. Recreation and Park Commission*, 507 F.2d 227 (5th Cir. 1975); *Menier v. United States*, 405 F.2d 245 (5th Cir. 1968); *Bros, Inc. v. W. E. Grace Manufacturing Co.*, 351 F.2d 208 (5th Cir. 1965); *Laguna Royalty, supra*; Wright & Miller, Federal Practice & Procedure: Civil ¶ 2851 et seq.; Moore's Federal Prac-

tice ¶ 60.18 et seq. The purpose of the motion is to permit the trial judge to reconsider such matters so that he can correct obvious errors or injustices and so perhaps obviate the laborious process of appeal. Weighing against the grant of a 60(b) motion is the desirability of finality in judgments. This is particularly true where the reopening of a judgment could unfairly prejudice the opposing party. *See Carver v. Liberty Mutual Insurance Co.*, 277 F.2d 105 (5th Cir. 1960). But even without such prejudice, the desirability of orderliness and predictability in the judicial process speaks for caution in the reopening of judgments. These are matters that are addressed to the sound discretion of the trial court, and its ruling on a 60(b) motion to set aside judgment will be reversed on appeal only upon a showing of abuse of discretion. *Villareal v. Braswell Motor Freight Lines, Inc.*, 545 F.2d 978 (5th Cir. 1977); *Dugan, supra* at 233; *Hand v. United States*, 441 F.2d 529 (5th Cir. 1971). Thus, to overturn the district court's denial of this 60(b) motion, it is not enough that a grant of the motion might have been permissible or warranted; rather, the decision to deny the motion must have been sufficiently unwarranted as to amount to an abuse of discretion.

Appellant maintains that this was the case and refers to three sections of Rule 60(b) in support of his position. These are 60(b)(1), relating to grounds of "mistake"; 60(b)(3), referring to "fraud . . . misrepresentation, or other misconduct of an adverse party"; and 60(b)(6), permitting the reopening of the judgment for "any other reason justifying relief."

■ With respect to 60(b)(1), appellant cites several "mistakes" that would, he says, justify a reopening of the judgment. First, he says that the district court effectively disposed of this "habeas" petition as an FOIA suit and entered judgment on the merits without motion, trial, or hearing—a procedure that is nowhere sanctioned by the Federal Rules of Civil Procedure.[1] Second, he cites as a "mistake" the district court's failure to make a detailed statement of findings to support the January 28 judgment; such findings have been required in some FOIA cases. *See Vaughn v. Rosen*, 157 U.S.App.D.C. 340, 484 F.2d 820 (1973); *see also Kent Corp. v. N.L.R.B.*, 530 F.2d 612, 624 n.30 (5th Cir. 1976); *Seafarers International Union v. Baldovin*, 508 F.2d 125, 129 (5th Cir. 1975). Finally, appellant disputes the district court's interpretation of the regulations concerning charges for FOIA materials.

■ All of these "mistakes," if mistakes they be, are mistakes of law and could have been raised on appeal. The law of this circuit permits a trial judge, in his discretion, to reopen a judgment on the basis of an error of law. *Oliver v. Home Indemnity Co.*, 470 F.2d 329 (5th Cir. 1972); *Meadows v. Cohen*, 409 F.2d 750 (5th Cir. 1969); *McDowell v. Celebrezze*, 310 F.2d 43 (5th Cir. 1962). But such reopenings are certainly not mandatory. The orderly process of appeal usually is far more appropriate to deal with such errors. The reason for such a reopening is to permit the district court to reconsider and correct its own errors, particularly if they are of an obvious nature amounting to little more than clerical errors. Wright & Miller, *supra* ¶ 2858; *see also Villareal, supra* at 979. For such obvious errors of law, it might well waste judicial energy to engage the machinery of appeal. But we do not find any error so obvious as to mandate a 60(b)(1) reopening here. Moreover, we note that in the order denying appellant's 60(b) motion the district judge reconsidered and explained several of the complained-of "mistakes," and thus in effect acted to correct those "mistakes." While it might have been better had the trial judge discussed these matters in connection with his original judgment, the 60(b) motion itself is a flexible tool designed to do substantial justice, *Laguna Royalty, supra* ; and we should not stray

---

1. Appellant failed to raise this issue in his motion for reopening below. Aside from the impropriety of raising this matter for the first time on appeal, we note the special impropriety of doing so on the basis of a 60(b) motion, since a primary purpose of this motion is to give the trial court the opportunity to correct its own mistake.

too far into technical niceties in considering its applicability. We note, too, that the district court has given two *in camera* inspections to the documents in question. In view of the district court's meticulous care in handling this hybrid case, and in view of the lack of any obvious errors, we cannot say it was an abuse of discretion to deny the appellant's motion under 60(b)(1).

■ With respect to 60(b)(3), appellant argues that his transfer to a second prison, coupled with the delay in his receipt of appellee's response, implied some "other misconduct of an adverse party" requiring relief under that section. The mine run 60(b)(3) case involves instances of fraud or misrepresentation, that is, some purposeful behavior on the part of a party, undertaken for the sake of gaining an unfair advantage. *See, e. g., Villarreal v. Brown Express, Inc.,* 529 F.2d 1219 (5th Cir. 1976); *see* Moore's Federal Practice ¶ 60.24[5]. While in one somewhat unusual case this court has ruled that a trial court may grant a 60(b)(3) motion without a showing of evil intent on the part of the adverse party, *Bros, supra,* we cannot say that it was an abuse of discretion for the district court to deny this motion where the "other misconduct" complained of is so highly speculative as it is in this case.

■ Finally, appellant argues that, taking into account the totality of the circumstances in this case, the judgment should have been reopened on the basis of 60(b)(6) for "any other reason justifying relief." A 60(b)(6) motion is an extraordinary remedy; like the 60(b) motion generally, it is not a substitute for appeal, and it is ordinarily not available to one who fails to appeal. *Polites v. United States,* 364 U.S. 426, 81 S.Ct. 202, 5 L.Ed.2d 173 (1960); *Ackermann v. United States,* 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); *Klapprott v. United States,* 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949); Wright & Miller, *supra,* ¶ 2864. In this case we do not find the extraordinary circumstances that might require a reversal of the trial court under 60(b)(6), and we cannot say that it was an abuse of discretion to deny the motion on the basis of that section.

Most of the appellant's points could have been raised through the orderly process of appeal, and we are at a loss to explain his failure to prosecute his appeal. But a 60(b) motion is not a remedy for one who fails to prosecute his rights. In the absence of any appearance of serious unfairness in the handling of Fackelman's petition, we hold that the district court acted within the scope of its sound discretion in denying this 60(b) motion.

AFFIRMED.