577 F.2d 930
 78-2 USTC P 9680
 Jackie G. WILLIAMS and Patricia A. Williams, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 78-1262
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Aug. 1, 1978.
 Jackie Williams pro se.
 William L. Harper, U. S. Atty., Atlanta, Ga., M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Acting Chief, Karl Schmeidler, Atty., Francis J. Gould, Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendant-appellee.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.
 PER CURIAM:
 
 
 1
 In 1973 plaintiffs Jackie Williams and his wife Patricia brought this action for a federal tax refund. At the close of the plaintiffs' evidence, the district court granted a directed verdict for the Government on April 11, 1974. Williams then filed a notice of appeal on April 24, 1974. Shortly afterward, on May 17, 1974, the taxpayers filed separate petitions for voluntary bankruptcy. Because of their financial problems and because of their lawyer's advice that they could not continue the appeal after filing for bankruptcy, plaintiffs moved for dismissal of their appeal on July 1, 1974.
 
 
 2
 About ten months later Williams attempted to revive this action by filing pro se motions for enlargement of time for filing a notice of appeal and for reinstatement of the dismissed appeal. Williams appealed the district court's denial of these motions. We affirmed the decision that the appeal was untimely. Williams v. United States, 5 Cir., 1977, 553 F.2d 420. Plaintiffs then submitted another pro se pleading entitled "Independent Rule 60(b)(6) Action" seeking relief from the judgment based on their financial condition and their counsel's incompetency. Williams now appeals the district court's denial of that motion.
 
 
 3
 The denial of a motion under Rule 60(b) of the Federal Rules of Civil Procedure is within the discretion of the trial court. See Fackelman v. Bell, 5 Cir., 1977, 564 F.2d 734. This case presents no abuse of that discretion in denying relief. The contentions now raised by Williams were already considered and rejected by this Court in denying his motion for extension of time for filing his appeal. See Williams v. United States, supra. Pressures of insolvency and reliance on counsel do not represent the exceptional inequity necessary for granting relief under Rule 60(b). See Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950). Further plaintiffs have had a decision on the merits of their claim when the district court granted a directed verdict.
 
 
 4
 AFFIRMED.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I