PER CURIAM:
Creditors American Century Mortgage Investors and Morgen-Osgood & Associates filed proceedings seeking a denial of a discharge in bankruptcy to appellant William Gardner. The bankruptcy judge denied Gardner a discharge in bankruptcy under Section 14(c)(3) of the Bankruptcy Act, 11 U.S.C. § 32(c)(3), which provides for denial of a discharge to debtors who obtain credit through a false written statement respecting his financial condition.[1] Following the district court’s affirmance of the bankruptcy judge’s decision, Gardner appealed to this Court.
In deciding this action, we accept the bankruptcy judge’s findings of fact and determinations of credibility unless they are clearly erroneous. See Rules of Bankruptcy Procedure, Rule 810. Further, we recognize that once a creditor has made a prima facie case for denying discharge the burden of proving that he has not committed acts justifying the denial of a discharge shifts to the bankrupt. See 11 U.S.C. § 32(c). See also Shainman v. Shear’s of Affton, Inc., 8 Cir., 1967, 387 F.2d 33; American National Bank of Denver v. Rainguet, 10 Cir., 1963, 323 F.2d 881. Based on these standards, the evidence amply supports the decision of the bankruptcy judge to deny discharge.
All the material elements for denying discharge were shown. There was evidence that Gardner furnished the written financial statements to creditors. His signature appears on several of statements. While Gardner contended that his partner had provided the false statements without Gardner’s knowledge, this was contradicted by other witnesses. In addition, the financial statements contained materially false statements. Numerous valuations of property were without any support. For example, Gardner was unable to explain why a value of $1,750,000 was placed on undeveloped property he had purchased for $85,000 or how his $50,000 house was valued at $250,000. Besides unsubstantiated estimates of value, the financial statements also listed some properties that Gardner did not even own. Finally, Gardner completely omitted to list outstanding debts totaling at least $100,000. Gardner’s signing of statements containing such inaccuracies is a sufficient reason for denying discharge since the Bankruptcy Act only requires that the bankrupt either had actual knowledge that the statement was incorrect or had reckless indifference to the actual facts. See Fidelity & Deposit Co. of Maryland v. Browder, 5 Cir., 1961, 291 F.2d 34. Lastly, the evidence shows that the creditors relied on these statements in extending credit. The creditors had requested these statements before approving the loans and agents for the creditors testified that these statements had been considered in granting the loans. Hence, we conclude that the bankruptcy judge’s finding that Gardner should be denied discharge under Section 14(c)(3) of the Bankruptcy Act, 11 U.S.C. § 32(c)(3), for obtaining loans through materially false written statements is not erroneous.
AFFIRMED.

. Section 14(c)(3) of the Bankruptcy Act reads:
The court shall grant the discharge unless satisfied that the bankrupt has . . (3) while engaged in business as a sole proprietor, partnership, or as an executive of a corporation, obtained such business money or property on credit or as an extension or renewal of credit by making or publishing or causing to be made or published in any manner whatsoever a materially false statement in writing respecting his financial condition or the financial condition of such partnership or corporation .
11 U.S.C. § 32(c)(3).