# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-10806
Summary Calendar

JUDY A. WILEY

Plaintiff-Appellant

v.

HENRY M. PAULSON, JR., ET AL.

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Pro-se Plaintiff Judy A. Wiley ("Plaintiff") brought this employment discrimination suit against Defendants Henry M. Paulson, Theodore L. Reis, and Barbara Lee (collectively "Defendants") in their individual and official capacities with the Internal Revenue Service. Plaintiff alleged that Defendants violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*., and the Family Medical Leave Act, 29 U.S.C. § 2611. Defendants moved for summary judgment, asserting that Plaintiff waived her right to bring this suit by settling these

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims during an administrative proceeding before the Equal Employment Opportunity Commission ("EEOC"). Plaintiff did not dispute that she had entered into a settlement during the EEOC proceeding, but she argued that summary judgment was improper because Defendants had not fulfilled their obligations under the settlement agreement. The district court reasoned that while Defendants' alleged failure to perform their settlement obligations might give Plaintiff a claim for breach of contract, it did not revive her settled claims. Thus, the district court granted summary judgment in favor of Defendants. Plaintiff timely appealed.

For essentially the same reasons stated by the district court, we affirm the grant of summary judgment in favor of Defendants. Plaintiff voluntarily settled her claims and may not renounce her settlement agreement to bring suit for additional relief. If Defendants have not fulfilled their obligations under the settlement agreement, Plaintiff may have a claim for breach of contract. In the instant suit, however, Plaintiff has not even obliquely alleged a breach of contract claim, so even under a liberal interpretation of Plaintiff's pleadings no breach of contract claim is before this court. Accordingly, we AFFIRM the district court's grant of summary judgment.