# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

─────────

No. 14-10505
Summary Calendar

─────────

United States Court of Appeals
Fifth Circuit

**FILED**
November 25, 2014

Lyle W. Cayce
Clerk

ALBERT G. HILL, III, Individually, and as a Beneficiary of the Margaret
Hunt Trust Estate, derivatively on behalf of the Margaret Hunt Trust Estate,
Individually, as a beneficiary of the Haroldson Lafayette Hunt Jr. Trust
Estate and derivatively on Behalf of the Haroldson Lafayette Hunt Jr. Trust
Estate,

                              Plaintiff - Appellant

v.

WILLIAM SCHILLING, Individually and In His Capacity as a Member of the
Advisory Board MHTE and a Member of the Advisory Board of the HHTE;
IVAN IRWIN, JR.; ALBERT G. HILL, JR.; ALINDA H. WIKERT; LYDA
HILL; HEATHER V. WASHBURNE; ELISA M. SUMMERS; WILLIAM
HERBERT HUNT, In His Capacity as the Personal Representative of the
Estate of Tom Hunt; BRETT RINGLE, Individually and in His Capacity as a
Member of the Advisory Board of the MHTE; JOHN W. CREECY,
Individually and In His Capacity as Trustee of the HHTE; MARGARET
KELIHER, Individually and in Her Capacity as Trustee of the HHTE and a
Member of the Advisory Board of the HHTE,

                              Defendants - Appellees

CAMPBELL, HARRISON, & DAGLEY, L.L.P.; CALLOWAY, NORRIS,
BURDETTE & WEBER, P.L.L.C.,

                              Appellees

No. 14-10505

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-2020

---

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Albert G. Hill III ("Hill III") appeals three district court orders: (1) denying Hill III's motion to recuse a magistrate judge, (2) denying Hill III's motion to vacate a final judgment in light of a trial judge's *sua sponte* recusal, and (3) denying Hill III's motion to vacate a final judgment in light of new evidence. For the following reasons, we AFFIRM each of the district court's orders.

This appeal arises from litigation involving the management and beneficiaries of the Margaret Hunt Trust Estate ("MHTE") and the Haroldson L. Hunt, Jr. Trust Estate ("HHTE")—litigation that has been protracted, complicated, and, most importantly, *settled* with a Global Settlement and Mutual Release Agreement (the "settlement") implemented by a final judgment from the district court. This appeal brings to four the number of times this court has weighed in on the settlement. *See Campbell Harrison & Dagley, L.L.P. v. Hill*, No. 14-10627, 2014 WL 4954299 (5th Cir. Oct. 3, 2014); *Hill v. Schilling*, No. 13-10939, 2014 WL 4099744 (5th Cir. Aug. 21, 2014); *Hill v. Schilling*, 495 F. App'x 480 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 2859 (2013).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

No. 14-10505

Despite the complexity of the underlying litigation, the relevant facts here are relatively simple. Oil tycoon H.L. Hunt established the two trusts in the names of his eldest children, Margaret and Haroldson Hunt. Margaret Hunt had three children, including defendant-appellee Albert G. Hill, Jr. ("Hill Jr."), who were all beneficiaries of both the MHTE and the HHTE. Hill Jr. also had three children including Hill III. In 2007, Hill III sued his father, Hill Jr., along with fiduciaries of the trusts, alleging *inter alia* that Hill Jr. had disclaimed his interest in the MHTE, in effect passing it directly to Hill III and Hill III's siblings while Hill Jr. still lived.

In 2010, the parties agreed to the settlement and Judge O'Connor of the United States District Court for the Northern District of Texas incorporated the settlement into his final judgment. Hill III subsequently challenged Judge O'Connor's implementation of the settlement and moved to compel Judge O'Connor to recuse himself from the case and vacate the final judgment. *Hill*, 495 F. App'x at 482-83. This court affirmed Judge O'Connor's implementation of the settlement and held that Hill III's recusal motion was untimely because Hill III waited until after final judgment to challenge Judge O'Connor's partiality on grounds known to Hill III during the litigation. *Id.* at 483. Judge O'Connor later recused himself *sua sponte* for undisclosed reasons from the continuing litigation related to the settlement.

Now, four years after reaching the settlement agreement, Hill III again asks this court to reopen the case so that he might have yet another bite at the apple. First, Hill III asks this court to reopen the case and vacate a magistrate judge's order regarding a fee dispute related to the settlement agreement because the magistrate judge should have recused herself due to a conflict. Hill III alleges that a close friend of the magistrate judge was a material witness in the fee dispute. The friend filed a declaration on behalf of an adversarial party to Hill III, but the friend filed the declaration with the court just two

3

hours before the magistrate judge issued her Report and Recommendation, which neither cited nor mentioned the declaration.

A judge's decision to recuse herself is in the discretion of the judge, and we review the magistrate judge's refusal to recuse herself for abuse of discretion. *United States v. Bremers*, 195 F.3d 221, 226 (5th Cir. 1999). A federal judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The goal of the statute "is to avoid even the appearance of impropriety." *Liljeberg v. Health Servs. Acquisition Grp.*, 486 U.S. 847, 860 (1998) (quoting *Health Servs. Acquisition Grp. v. Liljeberg*, 796 F.2d 796, 802 (5th Cir. 1986)). Accordingly, "if a judge concludes that [her] partiality might reasonably be questioned," then the statute requires recusal. *United States v. Anderson*, 160 F.3d 231, 233 (5th Cir. 1998). Depending on the specific circumstances, friendship alone does not establish a conflict. *See, e.g., United States v. Jordan*, 49 F.3d 152, 157 & n.6 (5th Cir. 1995) (citing examples where friendship alone did not compel recusal).

Both the magistrate judge, whose partiality Hill III questions, and Judge O'Connor found that the magistrate judge's partiality could not reasonably be questioned. This finding is not an abuse of discretion on the part of either Judge O'Connor or the magistrate judge. A reasonable person would not harbor legitimate doubts about the partiality of the magistrate judge here because the magistrate judge had already written her Report and Recommendation when the declaration was filed and the magistrate judge did not even know of its existence at that time. Furthermore, even if the magistrate had seen the declaration before issuing her Report and Recommendation, an allegation of friendship alone generally does not establish a conflict. *See Jordan*, 49 F.3d at 157 & n.6.

Next, Hill III seeks to vacate the final judgment under Rule 60(b) of the Federal Rules of Civil Procedure.  Rule 60 grants the district court discretion to reopen a case to "correct obvious errors or injustices" but "it is not a substitute for appeal." *Fackelman v. Bell*, 564 F.2d 734, 735-36 (5th Cir. 1977).  While Rule 60(b) is "construed liberally to do substantial justice," final judgments are not lightly reopened and it is within the discretion of the trial judge to grant Rule 60 relief.  *Id.* (quoting *Laguna Royalty Co. v. Marsh*, 350 F.2d 817, 823 (5th Cir. 1965).  Accordingly, we review a district court's denial of Rule 60 relief for abuse of discretion.  *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007).  On appeal, "it is not enough that a grant of the motion [by the district court] might have been permissible or warranted," but the district court's denial must be so "unwarranted as to amount to an abuse of discretion," *Fackelman*, 564 F.2d at 736, and "precludes examination of the full merits of the cause," *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981).

Hill III seeks Rule 60(b) relief on two unrelated grounds.  First, Hill III once again questions Judge O'Connor's impartiality as a basis for reopening the case.  Second, Hill III cites newly discovered evidence in the form of deposition testimony from another case as justification for reopening this case.  We address each in turn.

Hill III's questions Judge O'Connor's partiality based on Judge O'Connor's *sua sponte* recusal after presiding over the case for several years and issuing a final judgment implementing the settlement agreement.  Judge O'Connor provided no reasons for his *sua sponte* recusal.  Earlier in this case, before Judge O'Connor's *sua sponte* recusal but after the final judgment implementing the settlement, Hill III attempted to force Judge O'Connor's recusal because Judge O'Connor's wife owned a substantial amount of stock in ExxonMobil Corporation, which had come to own the former Hunt Petroleum

Company, a major asset of both the MHTE and HHTE. *Hill*, 495 F. App'x at 483. Judge O'Connor denied Hill III's motion to recuse and this court affirmed on appeal, holding that the motion was untimely because it came only after Hill III unsuccessfully attempted to alter the final judgment even though Hill III knew of the ExxonMobil stock earlier. *Id.* at 484. Hill III now argues that Judge O'Connor's subsequent *sua sponte* recusal demonstrates that Judge O'Connor must have had some unspecified conflict of interest all along because nothing material changed in the case between the time when Hill III unsuccessfully moved for Judge O'Connor's recusal and the time when Judge O'Connor recused himself *sua sponte.*

The district court's denial of Hill III's Rule 60(b) motion for relief from final judgment based on Judge O'Connor's recusal was not an abuse of discretion. Hill III cannot challenge Judge O'Connor's partiality on the basis of the ExxonMobil stock now because this court has already addressed that issue. *Id.* The "mandate rule" precludes a district court from reexamining an issue of law or fact that a court of appeal has decided unless the court of appeal resubmitted the issue to the district court on remand. *United States v. Pineiro*, 470 F.3d 200, 205 (5th Cir. 2006). This court has already ruled that Hill III lost his chance to raise the issue of Judge O'Connor's wife's ExxonMobil stock. *Hill*, 495 F. App'x at 484. The motion was untimely when Hill III made it more than two years ago and it is no more timely now.

Hill III provides no evidence to suggest that any other fact or circumstance should have compelled Judge O'Connor to recuse himself before he actually did so. The district court's denial of Hill III's motion did not "preclude[] examination of the full merits" of this issue, *Seven Elves, Inc.*, 635 F.2d at 402, because Judge O'Connor, a magistrate judge, another district court judge, and this court all have examined Judge O'Connor's partiality. Accordingly, the district court did not abuse its discretion in denying Hill III's

Rule 60 motion. Furthermore, Hill III points to no authority that would require Judge O'Connor to provide reasons for his *sua sponte* recusal or that would allow Hill III discovery to uncover those reasons. To the contrary, this court has recognized (in this very litigation, no less) that when a judge recuses himself, the standard practice is *not* to give reasons. *Hill*, 2014 WL 4099744 at *4.

Hill III also seeks to reopen the final judgment under Rule 60(b) because of newly discovered evidence, namely deposition testimony by Cynthia Camuel, a witness in another case, that allegedly supports Hill III's contention in this case that Hill Jr. disclaimed his interest in the MHTE. In separate litigation between Hill III and the Internal Revenue Service ("IRS") that occurred after final judgment in this case, Hill III deposed Camuel, a former IRS attorney. Camuel indicated that she believed Hill III might have a vested interest in the HHTE because Hill Jr. had signed a disclaimer. But the MHTE is at issue in this case, not the HHTE. While it is possible, even likely, that Camuel confused the MHTE and HHTE, Camuel further testified that she had no first-hand knowledge of any disclaimer, but only that she may have read about it in the newspapers and heard about it from an unidentified representative of HHTE.

Hill III argues that Camuel's testimony justifies reopening the case under Rule 60 for additional discovery into the existence of a disclaimer. The district court denied Hill III's motion to reopen. That denial was not an abuse of discretion. After several years of litigation, Hill III has had ample opportunity for discovery into the issue of whether a disclaimer exists. Hill III can hardly argue that the denial "precludes examination of the full merits" here. *See Seven Elves, Inc.*, 635 F.2d at 402. The district court found that Camuel's "fuzzy recollection" of the purported disclaimer based on what she had read or heard, not even a fuzzy recollection of her own independent

knowledge of a disclaimer, did not justify reopening a case closed for four years. Here, it is doubtful that Rule 60(b) relief would even be "warranted or permissible" on such sparse evidence and it follows that denial of that relief cannot be "sufficiently unwarranted as to amount to an abuse of discretion." *Fackelman*, 564 F.2d at 736.

On a final note, in his brief on appeal, Hill Jr. requests that this court restrict Hill III's right to file additional appeals related to the settlement agreement on the grounds that Hill III is "a serial litigator, with the inclination to appeal every adverse decision, no matter how frivolous." Although the "district court has the power under 28 U.S.C. § 1651(a) to enjoin litigants who are abusing the court system by harassing their opponents," Hill Jr. has not asked the district court for such an injunction here. *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980). Because Hill Jr. raises this issue before this court in the first instance, we decline to address it now. However, we will take this opportunity to remind Hill III of the warning that the district court recently issued to the parties in this case—the district court "*will impose sanctions*" for any motion that is "*baseless, frivolous, or without merit.*" *Hill v. Schilling*, No. 3:07-CV-2020-L, 2014 WL 1516193, \*6 (N.D. Tex. April 17, 2014). Hill III is well-advised "*not to test the court's patience in this regard.*" *Id.*

For the foregoing reasons, the district court's decision is AFFIRMED.