# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60501
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 26, 2016

Lyle W. Cayce
Clerk

DARCY C. MARTIN,

> Plaintiff - Appellant

v.

COPIAH LINCOLN COMMUNITY COLLEGE, and its Board of Trustees,

> Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CV-251

Before ELROD, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:[*]

The district court granted summary judgment for Copiah Lincoln Community College in this breach of contract action. We AFFIRM.

## FACTS AND PROCEDURAL BACKGROUND

This lawsuit arises out of a complaint filed by Darcy Martin, proceeding *pro se*, alleging due process and civil rights violations related to his attempts to enroll in classes at Copiah Lincoln Community College ("Co-Lin"). Co-Lin

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60501

counterclaimed for Martin's unpaid account balance of $625. The parties later entered into a confidential settlement agreement. The relevant terms included both parties' dismissal of their claims; Co-Lin's agreement to release Martin's academic transcript, upon Martin's written request, to Michael Tanner, Co-Lin's then-Vice President of Business Affairs; and Co-Lin's agreement to "extinguish" the debt on Martin's account. The district court entered final judgment based on the settlement agreement in March 2014.

About four months later, Martin filed a new complaint alleging that Co-Lin breached the agreement. He reasserted some of his previous claims and brought new ones too. Most importantly, Martin contended that Co-Lin failed to send his transcript to Hinds Community College, preventing him from continuing his education and causing him emotional distress.

The magistrate judge consolidated Martin's new case with the previously-settled lawsuit. Co-Lin then filed a motion for summary judgment seeking enforcement of the settlement agreement and an award of attorneys' fees. After the motion was fully briefed and an evidentiary hearing was conducted, the magistrate judge granted summary judgment for Co-Lin and awarded an as-yet undetermined amount of attorneys' fees. Martin timely appealed, contending that it was error to grant summary judgment for Co-Lin, not to allow Martin to present his claims to a jury, and to award attorneys' fees. Martin also argues that the *sua sponte* recusal of two of the magistrate judges assigned to his case was "detriment[al]" to him. We examine each of these arguments in turn.

## DISCUSSION

We review summary judgment *de novo. Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 753 (5th Cir. 2005). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Martin claims that Co-Lin breached the settlement agreement by failing to provide him or Hinds a copy of his transcript, and by failing to remove his former debt and all references to his debt on his student account. He also argues that the defendants should have informed at least some Co-Lin employees about the suit, as "all of [Co-Lin] employees must be told of all legal actions against t[h]em by the U.S. District Court."

On summary judgment, there was undisputed evidence that Martin faxed a transcript request on August 5, 2015, and spoke to a records manager at Co-Lin instead of going through Tanner as the settlement agreement provides. Furthermore, Tanner approved Martin's transcript request on August 6, and a transcript was sent to Hinds on the same date.

As to his student account, Martin asserts that the records manager told Martin there was a hold on his account, which is why his request was not granted immediately. Therefore, Martin argues, Co-Lin has not abided by its agreement to extinguish his debt. Co-Lin explains, however, that the hold merely alerted the records manager that Tanner's approval was needed before Martin's transcript could be released, which aligns with the terms of the settlement agreement. It is clear that a transcript was promptly sent, and there is no evidence that Martin has any debt to Co-Lin.

Martin's argument that Co-Lin failed to inform its employees about the settlement seems to be a complaint that certain obligations were not honored because relevant employees were not told what they were supposed to do. We have already discussed that the complaint about a hold on his account has no validity. We find nothing in the record to support that Co-Lin "swept terms of the settlement under the rug," as Martin argues, and thereby prevented compliance with the agreement. In addition, Co-Lin was prohibited from disclosing the agreement's terms. Thus only select employees were informed.

3

No. 15-60501

Summary judgment was appropriate. Therefore, Martin's argument that the magistrate judge erred in denying him a jury trial fails. A defendant is not "required to bear the cost of trying . . . a case" when it "can and should be resolved on summary judgment." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994).

We also agree with the magistrate judge's refusal to consider claims in Martin's pre-settlement complaint. Martin "voluntarily settled [his] claims and may not renounce [his] settlement agreement to bring suit for additional relief." *See Wiley v. Paulson*, 329 F. App'x 512 (5th Cir. 2009). Nor will we consider any of the new constitutional or statutory claims Martin presents, as they are inadequately briefed. *See Nat'l Bus. Forms & Printing, Inc. v. Ford Motor Co.*, 671 F.3d 526, 531 n.2 (5th Cir. 2012).

Martin next contends that he was prejudiced because two magistrate judges, one of whom authored the summary judgment order, *sua sponte* recused themselves from his case for unknown reasons. We have recognized that recusal is left to a judge's discretion and "the standard practice is *not* to give reasons." *Hill v. Schilling*, 593 F. App'x 330, 334 (5th Cir. 2014).

Finally, Martin contests the attorneys' fee award. Co-Lin has filed its affidavit in support of its request for fees, but the magistrate judge has not yet reduced the award to a "sum certain." *See Southern Travel Club, Inc. v. Carnival Air Lines, Inc.*, 986 F.2d 125, 131 (5th Cir. 1993). Thus, we lack jurisdiction to review the award of attorneys' fees at this time. *See id.*

AFFIRMED.

4