# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 16, 2018

Lyle W. Cayce
Clerk

No. 17-20359
Summary Calendar

REZA AHMADI; TERESA AHMADI,

     Plaintiffs - Appellants

v.

GLENVEST, L.L.C.,

     Defendant - Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-1730

Before CLEMENT, COSTA, and WILLETT, Circuit Judges.

PER CURIAM:*

     Reza and Teresa Ahmadi obtained a $36,200 loan—which was secured by a lien against their home in Houston—to cover the payroll taxes for their company, Intelligent Office Products. The loan was eventually transferred to Glenvest, LLC. The Ahmadis fell behind on their payments, and they received a "Notice of Demand and Intent to Accelerate" on March 3, 2009 (the "2009

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20359

Notice"). On December 23, 2013, the Ahmadis received yet another "Notice of Demand for Payment and Notice of Intent to Accelerate" (the "2013 Notice"). In July 2014, Glenvest sought and obtained an equity foreclosure order in Texas state court.

The Ahmadis sued Glenvest in Texas state court. They claimed (1) the 4-year statute of limitations barred Glenvest from foreclosing on their property because they received the 2009 Notice more than 4 years before Glenvest attempted to foreclose, *see* TEX. CIV. PRAC. & REM. CODE § 16.035(a); and (2) Glenvest's attempt to foreclose was fraudulent because Glenvest intentionally cited only the 2013 Notice and not the 2009 Notice when seeking foreclosure.

Glenvest removed to federal court and then moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). It argued that a notice of *intent* to accelerate does not trigger acceleration of the maturity date. *See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001) ("Effective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration."). Because the 4-year statute of limitations begins running only when the maturity date is accelerated, the 2009 Notice did not trigger the statute of limitations. *See id.* Glenvest also counterclaimed and moved for summary judgment, seeking non-judicial foreclosure and attorney's fees. The Ahmadis filed an amended complaint, and claimed that Glenvest accelerated the debt in an affidavit on July 3, 2014.

The district court held a hearing and urged the parties to find an amicable resolution to the dispute. When it became clear that no such resolution was forthcoming, the district court granted Glenvest's motion to dismiss and motion for summary judgment on its counterclaim seeking non-judicial foreclosure. The Ahmadis subsequently filed a Rule 60(b) motion, in which they further pressed their argument that Glenvest accelerated the debt in the July 2014 affidavit. They also requested that the district court vacate

the summary judgment award because it was procured through fraud, "perjured testimony," and "spoliation of evidence." The district court denied this motion after concluding that the Ahmadis' arguments were supported by nothing more than conclusory allegations.

The Ahmadis appealed, and now bring three issues before us: (1) the motion to dismiss should not have been granted because the statute of limitations had run and Glenvest fraudulently sought to foreclose; (2) the summary judgment award cannot be supported for the same reasons; and (3) the district court should have vacated the summary judgment ruling pursuant to Rule 60(b).

We review a district court's decision on a Rule 12(c) motion de novo. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). We agree with Glenvest and the district court that, under Texas law, the statute of limitations does not begin to run until there is both a notice of intent to accelerate *and* a notice of acceleration. *See Holy Cross*, 44 S.W.3d at 566. The 2009 Notice was only a notice of intent to accelerate, and so it was insufficient to trigger the statute of limitations. We need not decide whether the July 2014 affidavit accelerated the debt because, even if it did, the foreclosure still would not be barred by the statute of limitations. It follows from these conclusions that (1) Glenvest did not commit fraud when it failed to cite the 2009 Notice when seeking foreclosure and dismissal was appropriate; (2) granting summary judgment was not inappropriate on these grounds; and (3) there was no evidence of misconduct or fraud sufficient to support granting Rule 60(b)[1] relief.

We AFFIRM the district court.

---

[1] We review a district court's decision on a Rule 60(b) motion only for abuse of discretion. *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977).